**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10114 |
| Plaintiff - Appellee, | D.C. No. 2:06-CR-00171-JAM-1 |
| v. | |
| MICHAEL RAY NICKOLSON, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted January 15, 2010
San Francisco, California

Before: NOONAN, HAWKINS and M. SMITH, Circuit Judges.

Michael Ray Nickolson ("Nickolson") appeals his conviction as a felon in
possession of a firearm, arguing the district court erred, individually and cumulatively,
when it excluded police reports and a sworn declaration the arresting officers had
prepared, failed to give a proposed jury instruction regarding police officer credibility,

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and did not correct the prosecutor's misstatement during closing argument.  We affirm because any error was harmless in light of the defense's ability to read from the contested documents and argue their contents to the jury.

**A. Evidentiary Rulings**

In excluding Officer Dias's sworn declaration, the district court correctly found extrinsic evidence of a prior inconsistent statement admissible to impeach under Federal Rule of Evidence 613(b).  The district court was correct even despite the witness having conceded the inconsistency on the stand because "[e]xtrinsic evidence of a prior inconsistent statement is more persuasive to a jury than a witness's acknowledgment of inconsistencies in a prior statement."  *United States v. Strother*, 49 F.3d 869, 876 (2d Cir. 1995); *see also Gordon v. United States*, 344 U.S. 414, 420-21 (1953); *United States v. Lashmett*, 965 F.2d 179, 181-82 (7th Cir. 1992); *Williams v. United States*, 403 F.2d 176, 179 (D.C. Cir. 1968).

The district court then acted within its discretion to exclude the declaration under Rule 403.  It concluded the scant, additional probative value of the declaration was nullified by the potential for juror confusion, including confusion possibly prejudicial to Nickolson, because the declaration had to be heavily redacted.  Whether we would agree de novo, under abuse of discretion review, *see United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005), we affirm.

The district court did err in excluding the police reports under Rule 803(8)(B) because the reports, only offered for the purpose of impeachment, did not come under the umbrella of the hearsay rule in the first place. Under the axiomatic language of Rule 801(c), "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).

However, this error was harmless. The defense was able to read from the reports during cross-examination, use them to explain its theory of the case, and rely on them in closing argument. Given the extent to which the jury was able to consider the reports, we are persuaded of a "fair assurance" of harmlessness, and that "it is more probable than not that the error did not materially affect the verdict." *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002) (internal quotation marks omitted).

**B. Nickolson's Other Claims**

Nickolson claims error in not providing the jury with a separate instruction on police officer credibility. Nickolson correctly asserts "[a] defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence." However, "it is not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions,

3

in their entirety, adequately cover that defense theory." *United States v. Mason*, 902 F.2d 1434, 1438 (9th Cir. 1990).

Here, the proffered instruction was sufficient. The officers' ability to witness the outcome and their motivation were the defense's two theories at trial. The general credibility instructions, together with the testimony attacking the officers' veracity, were sufficient to caution the jury to questions surrounding the officers' credibility. *See United States v. Tamura*, 694 F.2d 591, 602 (9th Cir.1982).

Nickolson's claim of prosecutorial misconduct also fails. "Reversal on this basis is justified only if it appears more probable than not that prosecutorial misconduct materially affected the fairness of the trial." *United States v. Sayakhom*, 186 F.3d 928, 943 (9th Cir.), *amended by* 197 F.3d 959 (9th Cir. 1999).

The prosecutor's misstatement here was more minor than Nickolson portrays it: The evidence showed Nickolson did *say* he touched the gun, but he did not *testify* to this, which had to have been plain to the jury because he did not testify at all. Understood properly, the misstatement was inadvertent and minimal and does not rise to prosecutorial misconduct sufficient to require a new trial, *cf. United States v. Smith*, 962 F.2d 923, 935 (9th Cir. 1992) (new trial due to "prosecutor's recurrent harping" on key issue), particularly when the jury knew the statement had to be incorrect.

4

Finally, Nickolson's alleged "traces" of cumulative error are insufficient in light of his other claims, which we have rejected. *See United States v. Necoechea*, 986 F.2d 1273, 1282 (9th Cir. 1993).

**AFFIRMED.**